**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES COLE,

      Plaintiff,                     Civil Action No. 10-13059

v.                                HONORABLE DENISE PAGE HOOD

DAVE BING, et al.,

      Defendants.

_____/

**<u>ORDER DENYING MOTION FOR REHEARING</u>**
**<u>and DENYING MOTION TO STRIKE</u>**

      This matter is before the Court on post-judgment motions filed by Plaintiff James Cole.  On October 29, 2010, the Court entered a Judgment and Order dismissing Plaintiff's Complaint. Plaintiff filed a Motion for Rehearing on November 18, 2010, a Motion to Strike on December 7, 2010 and a Motion to Vacate Order to Remand on May 9, 2011.

      An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed.  The Local Rule further states:

               (3)   **Grounds**.   Generally, and without restricting the court's

discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). The Court may also review matters after a judgment has been filed under Rule 60(b) of the Federal Rules of Civil Procedures which provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985).

Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

In Plaintiff's Motion for Rehearing, he asserts that this Court committed fraud in issuing its order. A review of Plaintiff's 60-page motion (with exhibits) finds that Plaintiff essentially disagrees with the Court's ruling and rehashes the arguments he made in his submissions to the Court. Plaintiff has not shown that this Court's Order dismissing his case is in error. Although Plaintiff cites Rule 60(b) in his papers, he has not shown that the judgment is void nor has he shown that he is entitled to extraordinary relief from the Judgment.

Plaintiff's Motion to Strike Defendants' response to the Motion for Rehearing is denied. Although no response to the Motion for Rehearing is required under E.D. Mich. LR 7.1(h)(2), the Court finds that there is no prejudice in filing a response because Plaintiff's motion was lengthy. Plaintiff's Motion to Strike asserts that counsel for Defendants are not properly licensed to practice. There is no evidence before this Court that counsel representing Defendants are not properly authorized to practice in this District.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Rehearing **(Doc. No. 16 , filed November 18, 2010)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike **(Doc. No. 19, filed December 7, 2010)** is DENIED.

s/Denise Page Hood
United States District Judge

Dated:  September 16, 2011

I hereby certify that a copy of the foregoing document was served upon James Cole, 1331 E. Canfield Street, Apt. 614, Detroit, MI 48207 and  counsel of record on September 16, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4